IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:99cv184

| THOMAS M. REDDING, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| TOGO D. WEST, SECRETARY OF VETERANS AFFAIRS, | ) | |
| Defendant. | ) | |

Pending before the Court is Plaintiff's Motion for Review of Case [# 18]. Plaintiff, who is proceeding *pro se*, brought this action in 1999 pursuant to the Freedom of Information Act. On March 29, 2000, the parties entered a stipulation of dismissal, dismissing this action with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. (Stipulation of Dismissal, Mar. 29, 2000). Eleven years after the dismissal with prejudice of this action, Plaintiff moves the Court to review his case.

Having previously dismissed this case with prejudice, the only mechanism pursuant to which Plaintiff could obtain the relief he requests is Rule 60, which allows the Court to relieve a party from final judgment under certain circumstances. Fed. R. Civ. P. 60(b). A party seeking relief under Rule 60(b), however, must first show that the motion is timely, that the party has a meritorious

defense, the lack of unfair prejudice to the opposing party, and exceptional circumstances. Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Once the moving party makes this initial showing, he or she must then satisfy one of the six subsections of Rule 60(b). Id. Relevant to this dispute is Rule 60(b)(6), which provides that the Court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[1] Rule 60(b)(6) is limited to extraordinary circumstances. Dowell, 993 F.2d at 48.

Here, Plaintiff has not demonstrated that he satisfies the threshold requirements of Rule 60(b). Moreover, even assuming that Plaintiff does satisfy these threshold requirements, his motion does not set forth extraordinary circumstances that warrant setting aside the stipulation of dismissal in this case. Accordingly, the Court **DENIES** Plaintiff's Motion for Review of Case [# 18].

Signed: September 20, 2011

Dennis L. Howell
United States Magistrate Judge

---

[1] The remaining subsections of Rule 60 are either barred by Rule 60(c)(1)'s one year limitations period for filing a motion or are not applicable to Plaintiff's situation.